Adjourned Case from the Superior Court of Fauquier. The Defendant was presented and tried in the County Court for unlawful gaming: he was convicted, and to the judgment he obtained a Writ of Error. During the trial he excepted to an opinion of the County Court, given against him, and the Justices signed and sealed the Bill of Exceptions. One question adjourned, and the only one decided here, was, whether if the County Court, since the passage of the Act of 1814, ch. 31, £ 1, sign a Bill of Exceptions in a Criminal Case, does it thereby become a part of the record, and can a Superior Court of Daw take notice thereof upon a Writ of Error?”
It. had been previously decided by this Court, in 1812, that the “ Act allowing a Bill of Exceptions to be sealed,” did not apply to any Criminal Case whatever, (a) The Act of 1814, before mentioned, directed that in the prosecution of any person for a crime or misdemeanor, in any Superior Court of Daw, it should be the duty of the Judge to sign and seal a Bill of Exceptions tendered to him during the "progress thereof, by the person prosecuted, or his Counsel. A notion prevailed amongst some, that the same rule would exist (a fortiori) as to the County Courts; and hence this adjourned Case. But the Court thought otherwise, because the Act confines the duty, in terms, to the Superior Courts.
The following is the judgment:
“ The Court is unanimously of opinion, that a County Court before whom a Criminal Trial is proceeding, is not bound to sign a Bill of Exceptions to an opinion or instruction given by it in any such trial, and that, therefore, the Superior Court of Daw of the county of Fauquier, ought not to take notice of the Bill of Exceptions spread on the Record of the Proceedings in this Cause.”
Note (in edition of 1853). — By tile new Revisal, the County and other Inferior Courts are bound to sign and seal Bills of Exceptions in Criminal Cases, as well as the Superior Courts. 1 Sev. Code of 1819, ch. 133.

 Peter Case v. The Commonwealth, Virginia Cases, p. 264.